NO. 07-99-0292-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 14, 2000

_______________________________

HENRY LARRY LOCKLEAR, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_______________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 37,821-C; HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Henry Larry Locklear (appellant) appeals his conviction for murder.  Although alleging eight issues, each concerns whether the evidence was either legally or factually sufficient to sustain the jury’s verdict.  Appellant posits that the State failed to prove that he caused the death of Jerome Smith.  Rather, Smith purportedly died of causes other than the injuries inflicted during appellant’s attack.  We reject each of appellant’s issues and affirm. 

Background

Appellant attacked and beat Smith, a 67 year old man of small physical stature, about the head.  Immediately thereafter, Smith was taken to the hospital and those treating him noted that he had suffered injury and trauma to his head and brain as a result of the assault.  In time, Smith’s condition improved, but before leaving the hospital he contracted pneumonia and died.  

Testimony regarding Smith’s condition and the extent of his injuries differed at times.  However, the medical experts of both the State and appellant opined at one time or another that although the ensuing pneumonia facilitated Smith’s death, it had a causative nexus to the attack inflicted by appellant.  For instance, in response to the question of whether he “believe[d] the cause of death was terminal complications from blunt force trauma due to a beating,” appellant’s expert said “. . .  it’s a 
direct result
 in the chain” that led to his death.  (Emphasis added).  In turn, the State’s expert testified that 1) “people who are immobilized with head trauma and injuries and are on a respirator [such as Smith] will develop pneumonia,” 2) “the assault injuries led to [Smith’s] pneumonia and his being an elderly man and he died from complications of the injuries,” 3) the “pneumonia was probably what was the final straw that killed him,” and 4) “the injuries would have killed him if he hadn’t gotten medical intervention” after the assault.  Furthermore, through the autopsy report, the pathologist who conducted Smith’s autopsy concluded that the cause of death “was terminal complications from multiple blunt force front trauma due to beating.”  

Standard of Review

The standards of review applicable to questions regarding the legal and factual sufficiency of the evidence are well-known and well-settled.  Rather than reiterate them, we merely refer the litigants to 
Clewis v. State
, 922 S.W.2d 126 (Tex.Crim.App.1996) for a discussion of same.

Next, statute informs us that one is criminally responsible for his conduct if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor was clearly insufficient.  
Tex. Penal Code Ann
.
 § 6.04(a) (Vernon 1994).  In other words, if an act contributed to the victim’s death, the accused is responsible for the death despite concurring causes.  
Jones v. State
, 582 S.W.2d 129, 134 (Tex. Crim. App.1979); 
Bell v. State
, 774 S.W.2d 371, 374 (Tex. App.--Austin 1989, pet. ref’d).  Similarly, it has long been recognized that should a wound cause a disease which produces death then, under our criminal law, the death is attributable to the wound.  
Jones v. State
, 582 S.W.2d at 134, 
quoting
, 
Wilson v. State
, 126 S.W.2d 977 (Tex. Crim. App. 1939).  For this reason, in situations wherein evidence illustrates that a victim “died of complications of pneumonia” and the pneumonia was “traceable to the injuries sustained during [a] beating,” courts have held that the State carried its burden to prove causation beyond reasonable doubt.  
See, e.g., Jones v. State
, 
supra
; 
Bell v. State
, 
supra
.

Application

As can be seen from the excerpts of the medical testimony described above, some evidence exists illustrating that Smith died as a result of the beating suffered at the hands of appellant.  And, while the pneumonia which the victim contracted facilitated his death, testimony existed linking the disease to the consequences of the beating.  The sum of this evidence provided a rational jury ample basis to conclude, beyond reasonable doubt, that not only was the pneumonia “traceable to the injuries sustained during [a] beating” but also that appellant caused Smith’s death.  
Jones v. State
, 
supra
.  Thus, the verdict enjoys the support of legally sufficient evidence.  

That evidence of other potential causes, such as the failure to administer sufficient antibiotics or the premature removal of Smith from a ventilator, appears of record, it does not render the verdict manifestly unjust or clearly wrong.  Instead, the evidence created a question of fact regarding the cause of death, which is a question the jury was entitled to resolve as it did.  Thus, the evidence was also factually sufficient to support its determination.

Accordingly, we affirm the judgment rendered below.

 Brian Quinn

     Justice

Do not publish.